FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 JAN 31 PM 5: 00

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ELGIN LEWIS and ONETHA LEWIS,<br>Debtors.<br><br>CHARLES R. HALL MOTORS, INC.,<br>d/b/a C. HALL MOTORS,<br><br>Appellant,<br><br>v.<br><br>ELGIN LEWIS and ONETHA LEWIS,<br><br>Appellees. | CASE NO. CV 94-B-1571-E |

ENTERED

FEB 03 1997

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 158(a) (1994), appellant appeals a judgment entered by the bankruptcy court for violation of the automatic stay provision of Title 11, United States Code, section 362. Upon consideration of the record, the submissions of the parties, the argument of counsel and the relevant law, the court is of the opinion that the judgment of the bankruptcy court is due to be reversed.

### FACTUAL SUMMARY

In August of 1992, appellee Elgin Lewis, purchased on credit an automobile from appellant. The purchase was financed at a rate of $35 per week. Appellee made eight payments under this plan, but at the time of the proceeding below, appellant had not made a payment since

October 1992. The bankruptcy court specifically found that appellee has been in default on these car payments since October 1992. (R-17 at 35).[1]

Appellees have filed two Chapter 13 petitions relevant to this appeal. Appellees filed their first petition in October 1992. That case was eventually dismissed on March 28, 1993. (R-17 at 34). On June 2, 1993, appellees signed the documents necessary to file a second Chapter 13 petition, and this petition was filed on June 4, 1993. (*Id.* at 36).

Appellant received a copy of the notice of dismissal of the first bankruptcy proceeding on June 2, 1993, and it repossessed the automobile from appellees on that date. That same day, appellee Elgin Lewis went to C. Hall Motors in an attempt to retrieve the car and personal property that was in the car. Neither the car nor the personal property was returned at that time, but all of appellees' personal property (except for stereo components affixed to the car) were returned to appellees shortly thereafter. (R-17 at 4-5, 18-19). In a letter dated June 29, 1993, the Chapter 13 trustee demanded return of the repossessed automobile, and appellees' counsel made an additional demand for the return of the automobile in a letter dated August 26, 1993. (*Id.* at 37-38). Appellant did not return the automobile in question prior to the trial below.

Appellee Elgin Lewis was employed at Wayne Farms earning an hourly wage of $6.75. The court found that because of appellant's repossession of the automobile, Mr. Lewis lost three weeks wages prior to his securing replacement transportation. The bankruptcy court determined that appellee's lost wages totaled $700.00. (*Id.* at 37).

---

[1] "R-17" refers to the document number in the record from the proceedings below. The number following the "at" is the page number within that document.

## PROCEEDINGS BELOW

The bankruptcy court relied primarily on *United States v. Whiting Pools*, 462 U.S. 198 (1983), to hold that the automobile which appellant repossessed just prior to the filing of the second Chapter 13 petition was property in appellees' estate and subject to turnover under section 543(a).[2/] Specifically, the judge noted that *Whiting Pools* held that in reorganization cases, the property of the estate includes collateral repossessed prior to the filing of the Chapter 11 petition and that such collateral is subject to the turnover provisions of the Bankruptcy Code. The bankruptcy court held, therefore, that the automobile in question was subject to the turnover provision of § 542 and that the failure to return the property subject to this turnover provision was a violation of the automatic stay provision of § 362. Additionally, the court rejected the defense of bad faith in the filing of the second bankruptcy petition.

As a result, the court held that appellant's refusal to return the vehicle constituted a willful violation of the automatic stay provision of 11 U.S.C. § 362 and entitled plaintiff an award for compensatory and punitive damages under 11 U.S.C. § 362(h). The court awarded compensatory damages of $1,700.00--$1,000.00 for the value of the automobile and $700.00 for appellee Elgin Lewis' lost wages. Additionally, the court concluded that the appellant's failure to return the vehicle warranted punitive damages and, therefore, awarded punitive damages in the amount of

---

[2/] Section 543 was not the proper turnover provision to apply in the case at bar because the appellant was a creditor and not a custodian. *See Flournoy v. City Finance of Columbus, Inc.*, 679 F.2d 821, 822 (11th Cir. 1982) (holding that secured creditor that repossessed an automobile without legal process as permitted by state statute was not a custodian as that term is applied under 11 U.S.C. § 543). The bankruptcy court should have applied the turnover provision of 11 U.S.C. § 542. Although the bankruptcy court apparently applied § 543, (R-17 at 38-39), the court will treat the decision below as having been based on § 542.

3

$7000.00. The court did not make any specific finding of maliciousness on the part of the appellant, however.

## STANDARD OF REVIEW

Under Federal Rule of Bankruptcy Procedure 8013, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." District courts review the legal conclusions of the bankruptcy court de novo, however. *See Goerg v. Parungao,* 930 F.2d 1563, 1566 (11th Cir. 1991). Additionally, on appeal the district court should not consider evidence that was not before the bankruptcy court during the original hearing. *Sundial Asphalt Co. v. V.P.C. Investors Corp.*, 147 B.R. 72, 79 (E.D.N.Y. 1992).

## DISCUSSION

As noted above, the bankruptcy court relied substantially on the Supreme Court's decision in *United States v. Whiting Pools*, 462 U.S. 198 (1983). In *Whiting Pools*, the Internal Revenue Service, ("IRS"), seized by levy tangible property belonging to Whiting Pools. *Id.* at 200. The resulting tax lien gave the IRS a secured interest in Whiting Pools' property. *Id.* at 202. The day after the property was seized, Whiting Pools filed a petition for reorganization under Chapter 11. *Id.* at 200. The Supreme Court held that the seized property was still part of Whiting Pools' estate under 11 U.S.C. § 541 and, therefore, was subject to the turnover provisions of section 542. *Id.* at 202. The Court noted that the phrase "all legal and equitable interests of the debtor in property as of the commencement of the case" was intended to include a broad range of property in the debtor's estate. *Id.* at 204-205. While the law set forth in *Whiting Pools* is

obviously applicable to the instant appeal, the facts of *Whiting Pools* are significantly different, and the bankruptcy court's reliance on that case is misplaced.[3/]

The automatic stay provision of 11 U.S.C. § 362 applies to acts "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Furthermore, 11 U.S.C. §542 requires the return of property that the trustee may "use, sell, or lease under [§ 363]." Under § 363(b)(1), the trustee may use, sell or lease, "property of the estate." 11 U.S.C. § 363(b)(1). The appellant possessed the automobile in question at the time of the filing of appellees' second bankruptcy petition, and in doing so, appellant exercised control over the automobile. The court below held that the appellant violated the automatic stay by failing to return the car under § 542. To reach this conclusion, however, the automobile had to have been "property of the estate" at the time the second bankruptcy proceeding was filed. As will be discussed in more detail below, the automobile was not property of the estate at that time, and the court below erred in so concluding.

Property of the estate is defined in § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As has been

---

[3/] *Whiting Pools* involved a Chapter 11 reorganization, and this case involves a Chapter 13 individual debt adjustment. That, however, is not the primary distinction between these two cases. In fact, a number of courts have applied the *Whiting Pools* analysis to Chapter 13 cases. *See In re Richardson*, 135 B.R. 256, 257 (Bankr. E.D. Tex. 1992) (holding that *Whiting Pools* extends to and is applicable in a Chapter 13 case); *Carr v. Security Savings & Loan Ass'n*, 130 B.R. 434, 436 (D.N.J. 1991) (citing *Whiting Pools* in holding that the debtor's car was property of the estate under Chapter 13); *Sutton v. Ford Motor Credit Co.*, 87 B.R. 46, 49 n.1 (Bankr. S.D. Ohio 1988) (holding that *Whiting Pools* is equally applicable to chapter 13 cases as chapter 11); *Robinson v. Ford Motor Credit Co.*, 36 B.R. 35, 38 (Bankr. E.D. Ark. 1983) (discerning no reason to apply § 542(a) differently in a Chapter 13 proceeding than under Chapter 11).

noted, the Supreme Court has interpreted this provision broadly, but some property in which the debtor has a limited interest is not property of the estate. Whether the debtor's interest is property of the estate is determined by federal law. *In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989) (citations omitted), *cert. denied*, 497 U.S. 1007 (1990). The nature and existence of a debtor's interest in property, however, are determined according to state law. *Id.* (citation omitted).

In the present case, the appellees were in default on their payments for the car at the time that they filed their second bankruptcy proceeding. Furthermore, the appellant was in possession of the car by virtue of its having repossessed the car. In these circumstances under Alabama law, the appellant had both legal title to and right of possession of the car. *See American Nat'l Bank & Trust Co. v. Robertson*, 384 So. 2d 1122, 1123 (Ala. Civ. App. 1980) (holding that upon a debtor's default, title and right of possession pass to the creditor); *Pierce v. Ford Motor Credit Co.*, 373 So. 2d 1113, 1115 (Ala. Civ. App.), *writ denied*, 373 So.2d 1115 (Ala. 1979). Under state law, appellees only interest in the property in question was their right to redeem the automobile. *See* Ala. Code § 7-9-506. The appellees did not have title to the car at the time they filed their second bankruptcy proceeding. This fact is an important distinction between the case at bar and *Whiting Pools*.

In *Whiting Pools*, the IRS did not own the property on which it had levied. The IRS's interest in the property was its lien on the property, and ownership of the property would remain in the taxpayer until the property was sold to a bona fide purchaser at a tax sale. *Id.* at 210-11. Significantly, the Court stated, "[o]f course, if a tax levy or seizure transfers to the IRS ownership

of the property seized, § 542(a) may not apply." 462 U.S. at 209. The case at bar is more closely related to this hypothetical situation than to the actual facts of *Whiting Pools*.

As noted, in the present case, appellees' sole interest which became property of the estate under section 541 was the right to redeem the collateral, not to possess the collateral. The right to redeem was not absolute; rather, it was contingent on appellees fulfilling their obligations to appellant under the terms of § 7-9-506 of the Alabama Code. The right to redeem the property was not sufficient to propel the automobile into the property of the estate. This conclusion is buttressed by the Eleventh Circuit's decision in *In re Thomas*, 883 F.2d 991 (11th Cir. 1989), *cert. denied*, 497 U.S. 1007 (1990). In *Thomas*, the court held that a mobile home in which the creditor held legal title and to which the debtor had the right of possession was not property of the debtor's estate. *Id*. at 996. The right of possession was property of the estate, but the mobile home was not. *Id*. In the present case, the legal title and the right of possession were held by appellant. Therefore, neither the automobile nor the right to possess the automobile was property of the appellees' estate.

The bankruptcy court relied in part on the case of *Carr v. Security Savings & Loan Assoc.*, 130 B.R. 434 (D.N.J. 1991), because the court considered the cases to be very similar. In *Carr*, the district court upheld a sanction for willful violation of the automatic stay provision of § 362 against a creditor that refused to return a repossessed car. *Carr*, 130 B.R. at 435. *Carr* is distinguishable from the present case, however, because under Alabama law the creditor has actual legal title to and right to possession of the vehicle upon the debtor's default. This title is to be distinguished from a mere lien as was apparently present in *Carr*. The court in *Carr* noted that it was undisputed that the automobile in that case constituted property of the debtor's estate. In

7

the present case, however, it is not undisputed that the automobile is property of the estate. Alabama law severely limits the debtor's interest in the automobile, and the appellant's interest was ownership of the car, not a lien on the car. Because of this difference, *Carr* is not applicable to the case at bar.

The bankruptcy court also apparently relied in part on the right of the appellees to cure their default under 11 U.S.C. § 1322. (R-17 at 38). Unless and until the appellees cured their default, however, the appellant had legal title and right of possession to the automobile. Thus, the appellant had more than a mere lien on the car. On the other hand, the appellees only remaining interest in the vehicle was their statutory right of redemption under § 7-9-506. This statutory right of redemption in the case at bar requires full payment of all obligations to the debtor plus all reasonable expenses (including attorneys' fees and legal expenses in some cases). Ala. Code § 7-9-506. Thus, assuming that the appellees did have a right to cure their default, until they did so, the automobile was owned and possessed by appellant, subject only to the right of redemption.

The court concludes, therefore, that the automobile in question was not property of the appellees' estate. As a result, appellant was not required to return the property under § 542, nor was the automobile subject to the automatic stay provision of § 362. Accordingly, the holding of the bankruptcy court subjecting appellant to sanctions under section 362(h) is due to be reversed.

Because appellant did not violate the automatic stay provision of § 362, an award of damages to appellees was not appropriate. Additionally, even if the appellees had been entitled to an award of compensatory damages, the award of punitive damages by the bankruptcy court

was not warranted. Assuming, *arguendo*, that the property in question was part of appellees' estate and subject to the turnover and automatic stay provisions of sections 542(a) and 362 respectively, the award of punitive damages was not justified. Any deliberate, willful act that violates the automatic stay justifies awarding actual damages. *In re Esposito*, 154 B.R. 1011, 1014 (Bankr. N.D. Ga. 1993). "Additional findings of maliciousness or bad faith on the part of the offender warrants further imposition of punitive damages." *Id.* at 1014-15 (citations omitted). While appellant's act of repossessing the automobile was willful, it was not malicious. Appellant repossessed the vehicle after the dismissal of the first Chapter 13 filing, but before the second Chapter 13 filing. Appellant stored the car on its lot until the hearing before the bankruptcy court in December of 1993. Courts have emphasized that a willful violation alone is insufficient to justify punitive damages; appropriate circumstances must also exist. *See In re Ketelsen*, 880 F.2d 990, 993 (8th Cir. 1989) (holding that "appropriate circumstances," meaning "egregious, intentional misconduct on the violator's part," are necessary in addition to willfulness to justify punitive damages). The court holds that the circumstances surrounding this case did not justify awarding punitive damages.

## CONCLUSION

Based on the foregoing, the court is of the opinion that the bankruptcy court erred in holding the appellant in violation of the automatic stay provision of 11 U.S.C. § 362. Furthermore, the court is of the opinion that even if appellant's conduct did violate the automatic stay, punitive damages were not appropriate in these circumstances. Therefore, the judgment of the bankruptcy court is due to be reversed, and judgment should be entered for the

appellant. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 31st day of January, 1997.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge